# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER SESSION, 1996



FILED

November 13, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9601-CR-00022 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN P. COLTON, JR. |
| CLIFTON EPPS, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Sentencing) |


FOR THE APPELLANT:

CHARLES W. BURSON
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

JAMES M. LAMMEY
Assistant District Attorney
201 Poplar Avenue, Third Floor
Memphis, TN 38103

FOR THE APPELLEE:

RANDALL W. PIERCE
Wampler, Pierce & Siegel, P.C.
294 Washington Avenue
Memphis, TN 38103


OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Clifton Epps was convicted upon his plea of guilty of the offense of driving while a habitual motor vehicle offender. <u>See</u> Tenn. Code Ann. § 55-10-616. He received a sentence of one year in the Shelby County Workhouse, however the Appellant was allowed by the trial court to serve his sentence in a community corrections program. <u>See</u> Tenn. Code Ann. § 40-36-101, <u>et</u> <u>seq</u>. The State of Tennessee filed this appeal which challenges the eligibility of Appellant for a community corrections placement.[1]

After a thorough review of the record in this case we are of the opinion that the decision of the trial court must be reversed and this case remanded for reconsideration of Appellant's eligibility for a community corrections placement.

Tennessee Code Annotated Section 40-36-106 (1995 Supp.) establishes the eligibility requirements for criminal defendants seeking a placement in a community corrections program. Section 40-36-106(a)(6) provides that offenders who "demonstrate a pattern of committing violent offenses" are not eligible for such a program. The record in this case reflects that Appellant has a record of convictions on four counts of assault. Thus, the State argues Appellant's history of assault offenses renders him ineligible for a placement in a community corrections program, and that the trial court's order placing Appellant in such a program is erroneous and should be reversed.

---

[1]Pursuant to Tennessee Code Annotated Section 40-35-402, the State of Tennessee may appeal certain sentencing decisions. Although the language of Section 40-35-402 does not specifically mention the placement of a criminal defendant in a community corrections program as an appealable issue, this Court has held that the State may pursue such appeals. <u>State v. Tom Hale</u>, No. 03C01-9411-CR-00404 (Tenn. Crim. App. at Knoxville, August 14, 1995).

Appellant argues that despite his record of committing violent offenses he is nevertheless eligible for community corrections under Tennessee Code Annotated Section 40-36-106(c) which provides:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

We agree with Appellant that if he meets the criteria of subsection (c) he would be eligible for community corrections despite his history of assault convictions. However, the record in this case is insufficient for this Court to determine Appellant's eligibility for community corrections under subsection (c). In State v. Robert Boston, No. 03C01-9505-CR-00154 (Tenn. Crim. App. at Knoxville, May 14, 1996), this Court specified that in placing an offender on community corrections pursuant to subsection (c) the trial court must make the following findings of fact:

> (1) the offender has a history of chronic alcohol or drug abuse, or mental health problems,
>
> (2) these factors were reasonably related to and contributed to the offender's criminal conduct,
>
> (3) the identifiable special need (or needs) are treatable, and
>
> (4) the treatment of the special need could be served best in the community rather than in a correction institution.

Id. at 4. In the present case the trial judge in sentencing Appellant to community corrections noted only that Appellant's criminal record included a

number of public intoxication offenses.  The findings of fact required by <u>Boston</u> are not present in this record.

Under the circumstances we are compelled to reverse the decision of the trial court and remand this case for re-sentencing in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE